UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X

MARVIN WILLIAMS,

                            Plaintiff,    **COMPLAINT**

           -against-          14-cv-5713-GBD

THE CITY OF NEW YORK; P.O. RODRIGUEZ; and
P.O. JANE DOE # 1; the individual      ECF Case
defendant(s) sued individually and in
their official capacities,        Jury Trial Demanded

                          Defendants.

---------------------------------------- X

## PRELIMINARY STATEMENT

      1.    This is a civil rights action in which plaintiff seeks relief for the violation of plaintiff's rights secured by 42 U.S.C. § 1983; and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York.  Plaintiff's claims arise from an incident that arose on or about April 27, 2013.  During the incident, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things: false arrest; assault; battery; unreasonable force; failure to intervene; denial of a fair trial; implementation and continuation of an unlawful municipal policy, practice, and custom; and respondeat superior liability.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award

of costs and attorney's fees, pursuant 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

### JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  Plaintiff's notice of claim was duly filed on defendant City of New York within 90 days of the incidents at issue, and more than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiff's claims.  Moreover, this action has been filed within one year and 90 days of the incident.

4.    Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Bronx County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

2

**PARTIES**

5.   Plaintiff Marvin Williams is African American, and a resident of the State of New York, Bronx County.

6.   At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.   At all times alleged herein, defendants P.O. Rodriguez, and P.O. Jane Doe # 1 were New York City Police Officers employed with the 40th Precinct, located in Bronx County, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

8.   The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

**The Incident**

9.   On April 27, 2013, police officers operating from the 40th Precinct, including upon information and belief, defendants P.O Rodriguez, and P.O. Jane Doe # 1, at times acting in concert, and at times acting independently, committed the following illegal acts against plaintiff.

10.   On April 27, 2013, at and in the vicinity of 149th Street and Morris Avenue, Bronx, New York, P.O Rodriguez and

3

P.O. Jane Doe # 1, without probable cause or reasonable suspicion that plaintiff had committed a crime unlawfully arrested plaintiff.

11.   Plaintiff was driving in his car lawfully during the early morning hours, obeying all traffic regulations.

12.   The police stopped plaintiff.

13.   The police were driving a police vehicle.

14.   The police approached plaintiff in his car.

15.   There was no cause or justification to detain plaintiff.

16.   The police ordered plaintiff to get out of his car.

17.   Plaintiff stepped out of his car.

18.   The police performed an intoxilyzer on the scene but claimed it was not accurate.

19.   The police handcuffed plaintiff without cause.

20.   The police placed plaintiff in a police vehicle and drove him to several precincts to perform another intoxilyzer.

21.   Plaintiff was kept in handcuffs for many hours during this process.

22.   Plaintiff complained to the police about being falsely arrested and the tightness of the handcuffs.

4

23.   The police transported plaintiff to Bronx Central Booking for arraignment.

24.   Plaintiff waited at Central Booking for many more hours.

25.   In order to cover up their illegal actions, the police, pursuant to a conspiracy, initiated by false sworn complaints and/or conversations, falsely and maliciously told the Bronx County District Attorney's Office that plaintiff had committed various crimes, and the District Attorney prosecuted plaintiff for various charges, including operating a vehicle while intoxicated.

26.   Plaintiff was released at arraignment on his own recognizance.

27.   Plaintiff has appeared numerous times in court, and his next appearance is scheduled for August 4, 2014.

28.   The police also seized plaintiff's car.

29.   Plaintiff has been shocked, humiliated and embarrassed by the experience.

**General Allegations**

30.   The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

31.   Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a

suspicious or unlawful manner prior to or during the above incidents.

32.   At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

33.   The defendants acted under pretense and color of state law and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

34.   As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

35.   Plaintiff is entitled to receive punitive damages from the individual defendants because the individual

defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

36.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

37.   Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

38.   Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## SECOND CLAIM

### (FALSE ARREST UNDER STATE LAW)

39.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

40.   Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

41.   Accordingly, defendants are liable to plaintiff for false arrest under New York State law.

### THIRD CLAIM

#### (UNREASONABLE FORCE)

42.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

43.   The individual defendants' use of force upon plaintiff was objectively unreasonable.

44.   The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff.

45.   Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

46.   Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

### FOURTH CLAIM

#### (ASSAULT)

47.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

48.   Among other things as described above, defendants' search and seizure, battery, false arrest, and

8

unreasonable use of force against plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts.

49.    Accordingly, defendants are liable to plaintiff under New York State law for assault.

## FIFTH CLAIM

### (BATTERY)

50.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

51.    Among other things as described above, defendants' search and seizure, false arrest, and unreasonable use of force against plaintiff were illegal physical contacts.

52.    Accordingly, defendants are liable to plaintiff under New York State law for battery.

## SIXTH CLAIM

### (FAILURE TO INTERVENE)

53.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

54.    Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

55.    Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## SEVENTH CLAIM

### (DENIAL OF FAIR TRIAL)

56.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

57.  The defendants are liable to plaintiffs because they intentionally conspired to fabricate evidence against plaintiffs, depriving plaintiffs of liberty without due process of law.

58.  Furthermore, the defendants violated the law by making false statements by drafting and/or signing a sworn criminal court complaint and false police reports.

59.  Furthermore, the individual defendants violated the law by manipulating evidence to obtain a prosecution and unjust conviction, while performing the function of investigators.

60.  The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that individuals who knowingly use false evidence at trial to obtain a conviction act unconstitutionally and is redressable in an action for damages under 42 U.S.C. § 1983.

61.  The individual defendants are also liable to plaintiffs because they intentionally created false information

likely to influence a fact finder's or jury's decision by, *inter alia*, forwarding false information to prosecutors, drafting and signing a sworn criminal court complaint and police reports, omitting and/or manipulating evidence, fabricating testimony and evidence, suppressing and concealing exculpatory material and evidence, and forwarding and presenting false information to a court thereby violating plaintiffs' constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

## EIGHTH CLAIM

### (MONELL CLAIM)

62.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

63.   Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

64.   Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiffs: (1) wrongfully arresting innocent persons in order to meet productivity goals; (2) wrongfully arresting individuals based

on pretexts; (3) using unreasonable force on individuals; and (4) fabricating evidence against innocent persons.

65.   Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

66.   Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

67.   Further, defendants City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

68.   The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants,

placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

69.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

70.    The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## NINTH CLAIM

### (RESPONDEAT SUPERIOR)

71.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

72.    The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiff, including falsely arresting, assaulting, and battering plaintiff.

73.    The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.   Compensatory damages in an amount to be
determined by a jury;

    b.   Punitive damages in an amount to be determined by
a jury;

    c.   Costs, interest and attorney's fees, pursuant to
42 U.S.C. § 1988; and

    d.   Such other and further relief as this Court may
deem just and proper, including injunctive and
declaratory relief.

DATED:    Brooklyn, New York
           July 24, 2014

                          MICHAEL O. HUESTON, ESQ.
                          *Attorney for Plaintiff*
                          16 Court Street, suite 3301
                          Brooklyn, New York 11241
                          (718)246-2900
                          mhueston@nyc.rr.com
                          By:

                          ____s/_____
                          MICHAEL O. HUESTON